## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

<table>
<tr><td>

THE BANK OF NEW YORK, AS TRUSTEE
FOR THE BENEFIT OF CWALT, INC.
ALTERNATIVE LOAN TRUST 2007-19
MORTGAE PASS-THROUGH CERTIFICATES,
SERIES 2007-19,

      *Plaintiff*,

      v.

CONSIGLIO, ANDREW, ET AL.,

      *Defendants*.

</td><td>

No. 3:23-cv-01115 (MPS)

</td></tr>
</table>

## RULING ON MOTION TO REMAND

This case, which was originally filed in the Connecticut Superior Court, is a foreclosure action brought by Plaintiff Bank of New York against Defendants Andrew Consiglio and Heather Lindsay.  On August 22, 2023, Lindsay removed the case to this Court.  Bank of New York now moves to remand the action back to state court.  Because this Court lacks subject matter jurisdiction over this case, I GRANT Bank of New York's motion to remand.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Bank of New York commenced this foreclosure action in Connecticut Superior Court in April 2008.  ECF No. 1 at 41.  The complaint alleges that Consiglio executed a note and mortgage for a property located at 81 High Clear Drive Stamford, Connecticut.  ECF No. 1 at 41. The complaint further alleges that Consiglio failed to make payments on the note and mortgage, that the note and mortgage are in default, and that Bank of New York is entitled to enforce the

note and mortgage.  ECF No. 1 at 41–42.  Bank of New York seeks foreclosure and immediate possession of the property.  *Id.* at 44.

On August 21, 2017, Defendants sought to remove the foreclosure action to the District of Connecticut.  *Id.* at 23.  The case was remanded on November 20, 2017.  *Id.*  Defendants again attempted to remove the case on July 29, 2019, but the case was again remanded to state court.  *Id.* at 28.  Now Lindsay attempts to remove the action for a third time.  ECF No. 1.  She argues that removal is proper because the "District Court for the District Of Connecticut has the jurisdiction to hear this matter and assure the rights of the Defendants are protected, pursuant to, and as required by the **Constitution of the United States Of America**."  *Id.* at 2 (emphasis in original).

Bank of New York filed the pending motion to remand on August 28, 2023, arguing that this Court lacks subject matter jurisdiction to hear this case, ECF No. 9-1 at 4–5, 6–7, that removal is barred by the *Rooker-Feldman* doctrine, *id.* at 7–10, and that the removal is untimely, *id.* at 5–6.  Lindsay responded to the motion to remand on November 13, 2023, ECF No. 14, and filed a "Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand" on November 14, 2023, ECF No. 15.

## II.    LEGAL STANDARD

A civil action brought in state court may be removed to a federal district court only if the district court would have had original jurisdiction.  *See* 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over matters in which a federal question is raised or there is diversity of citizenship.  *See* 28 U.S.C. §§ 1331,1332.  "The 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts."  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  The rule states that for a federal

court to have original jurisdiction, the plaintiff's well-pleaded complaint must establish either (1) "that federal law creates the cause of action" or (2) "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 27–28 (1983).  Diversity jurisdiction exists only where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  "A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).

III.    **DISCUSSION**

Bank of New York argues that this Court lacks subject matter jurisdiction, that removal is barred by the *Rooker-Feldman* doctrine, and that Lindsay's removal is untimely.  Because I agree that this Court lacks jurisdiction to hear this case, I do not consider Bank of New York's other arguments against removal.

A.    **Federal Question Jurisdiction**

In her notice of removal, Lindsay argues that this Court would have had original jurisdiction over this case because federal courts have original jurisdiction over claims arising from the U.S. Constitution.  ECF No. 1 at 2–3.  In support of this argument, she asserts that she and Consiglio "have been denied their Constitutional Rights to life, liberty, and equality of the laws of this nation." *Id.* at 2.

But these constitutional claims amount at most to federal counterclaims, and "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009).  As noted, federal question jurisdiction is governed by the well-pleaded complaint rule, which states as follows:

3

> whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd.*, 463 U.S. at 10 (internal alteration omitted).  Thus, I must look to the allegations of the complaint to determine whether this Court has federal question jurisdiction.

This action is one for foreclosure, and "[i]t is well settled that judgments of foreclosure . . . are fundamentally matters of state law."  *Muong v. Fed. Nat. Mortgage Ass'n*, No. 13-cv-06564 (KAM), 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013) (collecting cases).  Federal law does not create Bank of New York's cause of action for foreclosure, nor does Bank of New York's foreclosure action depend on the resolution of a substantial question of federal law.  *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Speer*, No. 3:16-CV-46 (RNC), 2016 WL 1389759, at *2 (D. Conn. Apr. 8, 2016) ("Federal courts have recognized that residential mortgage foreclosure actions do not raise an issue of national importance justifying the exercise of federal jurisdiction.").  Thus, as this Court has held twice already, *see Bank of New York v. Consiglio*, No. 3:17-CV-01408 (CSH), 2017 WL 4948069, at *2–3 (D. Conn. Nov. 1, 2017) ("*Consiglio I*"); *Bank of New York v. Consiglio*, No. 3:19-CV-01161 (KAD), 2019 WL 3491507, at *1–2 (D. Conn. Aug. 1, 2019) ("*Consiglio II*"), this Court does not have federal question jurisdiction over the claims in this action.

### B.    Diversity Jurisdiction

This Court also lacks diversity jurisdiction.  Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  A state-court case cannot, however, be removed to federal

court if the "defendant[] is a citizen of the State in which such action is brought."  28 U.S.C.
§ 1441(b)(2).

This action was commenced in Connecticut Superior Court, and both Consiglio and Lindsay
are citizens of Connecticut.  *See* ECF No. 1 at 7.  Because Consiglio and Lindsay are citizens of the
state in which the action was originally brought, the case is not removable based on diversity.  *See* 28
U.S.C. § 1441(b)(2); *Wells Fargo Bank, Nat'l Ass'n v. White*, No. 3:17-CV-00858 (VAB), 2018
WL 650372, at *2 (D. Conn. Jan. 31, 2018) ("A state court case is not removable . . . based
solely on diversity jurisdiction if any defendant is a citizen of the state in which the action is
brought.").  Again, as this Court has held twice previously, *Consiglio I*, 2017 WL 4948069, at
*3; *Consiglio II*, 2019 WL 3491507, at *2, this Court lacks diversity jurisdiction.

### C.    Attorneys' Fees and Costs

A review of the procedural history of this case indicates that an award of attorneys' fees
and costs to Bank of New York may be warranted under 28 U.S.C. § 1447(c).  That statute
states, in part, that "[a]n order remanding the case may require payment of just costs and any
actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C.
§ 1447(c).  As the Supreme Court has explained, district courts may award attorney's fees under
§ 1447(c) in connection with a motion to remand where "the removing party lacked an
objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132,
141 (2005).  As discussed above, this Court has twice previously denied Defendants' attempts to
remove this very case to the District of Connecticut on jurisdictional grounds.  *See Consiglio I*,
2017 WL 4948069; *Consiglio II*, 2019 WL 3491507.  Defendant Lindsay has offered no
justification for, in effect, ignoring earlier remand orders of this Court.  As such, Defendant
Lindsay is ordered within 21 days of this ruling to show (1) cause as to why she should not be
required to pay Bank of New York's attorneys' fees and costs associated with filing its motion to

remand, and (2) cause as to why this Court should not issue an injunction against both Defendants prohibiting them from seeking to remove this case from state court again.

**IV.    CONCLUSION**

For the reasons discussed above, the motion to remand is GRANTED.  The motion for leave to proceed *in forma pauperis* (ECF No. 2) is DENIED as moot.  The Clerk is instructed to remand this action to the state court and close this case.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
November 21, 2023